SPRINGDALE FARMS *v.* Charles L. DANIELS, Director, and Nolan LYLE

E 80-256                                   613 S.W. 2d 117

Court of Appeals of Arkansas
Opinion delivered March 25, 1981

No briefs filed.

GEORGE K. CRACRAFT, Judge. The appellant appeals from an order of the Board of Review affirming a decision of the Appeal Tribunal that the appellant's appeal from the initial determination by the agency was untimely filed. The record discloses that during the month of July 1980, the appellant-employer had four former employees make application for benefits under the Employment Security Act. According to the evidence the employer denied that any of the employees were entitled to benefits, and filed a timely response with the agency. On September 4th the appellant-employer had not heard from the Employment Security Division as to the disposition of any of the four claims. He thereupon called their office and was advised by a Mr. Unger that three of the claimants had not followed up on their claims and these claims had been denied. He was informed that under such circumstances no notification would be given to the employer. He was then informed that the fourth employee, Nolan Lyle, had been allowed benefits by the agency on August 8th, and a notice of that determination mailed to him. The employer responded that he had received no such notice and requested an appeal.

On that same day he wrote a letter to the Employment Security Division again setting out the circumstances and asserting that he had not received the notice. He again requested appeal of the determination as to the employee, Nolan Lyle. The Referee set the matter down for a hearing on appeal stating on the notice that its purpose was "to determine if the appeal was timely and if the claimant was disqualified at having been discharged for misconduct in connection with the work." Notice of that appeal and the date same was to be heard was mailed to and received by the employer.

On September 25th a hearing was held on both issues. Evidence as to the reason the employee left the job was taken but no finding was made by the Tribunal on this point. On the second point (timeliness of the appeal), the employer was asked if he had received a notice of the agency's determination of entitlement to benefits and he denied that he had. The employer again recounted as to how he had learned of the allowance of that claim and referred to his letter to Mr. Unger requesting the appeal. There was no other evidence of any kind taken on the question of the timeliness of the appeal. There is no documentation in the record as to any notice having been sent to him. There was no evidence that such a notice had been mailed or even that it had been prepared. No copy of such notice appears in the record. The only other reference to the notice in question was found in the notice of appeal signed by Mr. Unger on September 8, 1980, which contained the following notation: "Please note that the employer did not receive notice of determination. Our 501(3) was apparently lost in the mail."

The opinion of the Appeal Referee stated: "The record shows that the determination in this case was mailed or delivered on August 8, 1980, and the appeal was filed on September 8, 1980, which is after the expiration of the fifteen days allowed by law." The record which we have before us for review shows nothing with regard to the mailing or delivery of a copy of the determination made by the agency. There is no evidence in the record to sustain that finding by the Referee, which was affirmed by the Board of Review.

Section 6(d)(2) of the Arkansas Employment Security Act expressly provides that if the appeal is not perfected within the fifteen day period "as a result of circumstances beyond the appellant's control, such appeal may be considered as having been filed timely." The only evidence in the record is that the notice was not received, a circumstance beyond the appellant-employer's control. We therefore reverse the decision of the Board of Review and remand the case for a determination on the merits of appellant's appeal.

Reversed and remanded.