Peggy BRANSON v. DIRECTOR,
Arkansas Employment Security Department

E02-28                                           73 S.W.3d 616

DISSENTING OPINION ON DENIAL
OF MOTION TO FILE BELATED APPEAL

WENDELL L. GRIFFEN, Judge, dissenting■ Arkansas Code Annotated section 11-10-529(a) (1987) provides that any party entitled to a decision of the Board of Review shall have twenty days from the date the decision is mailed to her last known address in which to request a judicial review thereof by filing in the Court of Appeals a petition for review of the decision. The Board of Review decision from which appellant seeks to

appeal was mailed on January 4, 2002. According to the statute, appellant's petition for review should have been filed in our court no later than January 24, 2002. The petition for review did not reach our court until January 25, 2002, twenty-one days after the Board of Review decision was mailed. It is well settled that the court of appeals has no authority to extend the deadline for filing a petition for review. *Wooten v. Daniels*, 271 Ark. 131, 607 S.W.2d 96 (1980).

Nevertheless, I cannot deny this motion for belated appeal in good conscience after considering the facts surrounding the untimely appeal. This appellant lives in North Little Rock, Arkansas. Our court is located in Little Rock, merely across the Arkansas River. According to appellant's motion, she mailed the petition for review at the postal distribution center on McCain Boulevard in North Little Rock at approximately 8:30 a.m. on January 22, 2002. The postmark supports appellant's assertion. It is marked 22 January 2002. However, appellant's mailing was not processed at the distribution center until January 24, 2002, two days later. *This petition for review arrived at our court on January 25, 2002, because the United States Postal Service did not do its job, not because appellant was dilatory.*

I do not know why the Postal Service cannot deliver a letter mailed from its North Little Rock distribution center to a Little Rock address in less than three days. I do not know why the Postal Service allowed appellant's mailing to languish for two days at the Distribution Center before delivering it to our court. I do not know who in the Postal Service is responsible for the two-day stay that appellant's mailing experienced at the Distribution Center. Neither does appellant. What is very plain to me, however, is that to slavishly follow our statute in the face of these facts produces a harsh result for this appellant when it is clear that her conduct was both timely and reasonable.

In *Springdale Farms v. Daniels*, 1 Ark. App. 89, 613 S.W.2d 117 (1981), our court held that an employer's appeal was timely despite the fact that it was filed after the permitted time for filing. In that case, the employer never received written notice of the determination from which its appeal was taken. In reversing the

decision by the Board of Review that denied the appeal as untimely, we reasoned that the fact that the notice was not received was a circumstance beyond the appellant employer's control. Granted, that case involved a different statute with a fifteen-day period prescribed for filing (Arkansas Statutes Annotated section 81-1107(d)(2) (Repl. 1976)). The statute involved in that case explicitly provided that an appeal could be considered as having been timely filed where the failure to file resulted from circumstances beyond the appellant's control. For some unknown reason, the statute that applies to the present case omits such language. The instant case involves an appeal by an employee. Yet, as in *Springdale Farms*, the fact that the petition for review was not received at our court within the prescribed filing period was a circumstance clearly beyond the employee's control.

Finally, I hope that the members of the Arkansas General Assembly will change Ark. Code Ann. § 11-10-529(a) so that its filing-time schedule is consistent with that prescribed by Ark. Code Ann. § 11-10-524(a). That statute has the same twenty-day period for filing appeals from determinations by the Employment Security Division to the appeal tribunal and from decisions by the appeal tribunal to the Board of Review. However, it also contains the following wording:

> *If mailed, an appeal shall be considered to have been filed as of the date of the postmark on the envelope. However, if it is determined by an appeals tribunal or the Board of Review that the appeal is not perfected within the twenty-day period as a result of circumstances beyond the appellant's control, the appeal may be considered as having been filed timely.*

(Emphasis added.) Appealing parties, the General Assembly, and our court cannot control whether the Postal Service will do its job. However, appellants should not lose their rights to judicial review because of postal inefficiency.

I respectfully dissent.